**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2157

KING GRANT-DAVIS,

Plaintiff - Appellant,

v.

ALAN WILSON, South Carolina Attorney General; MARK KEEL, Chief of the South Carolina Law Enforcement Division; MERRICK B. GARLAND, United States Attorney General; MARCIA L. FUDGE, United States Secretary of Department of Housing and Urban Development,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:19-cv-00392-DCN)

Submitted: September 21, 2023                    Decided: November 3, 2023

Before GREGORY and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

King Grant-Davis, Appellant Pro Se. Barbara Murcier Bowens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Leon David Leggett, III, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

King Grant-Davis filed a second amended complaint raising facial and as-applied challenges to the South Carolina Sex Offender Registry Act ("SORA"), S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2022), the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901-20962, and related federal laws. After Defendants moved to dismiss, Grant-Davis moved to amend or correct his second amended complaint and for partial summary judgment. The magistrate judge denied the motion to amend or correct and recommended granting Defendants' motions to dismiss and denying Grant-Davis' motion for partial summary judgment. Over Grant-Davis' objections, the district court accepted the recommendation of the magistrate judge, dismissed Grant-Davis' second amended complaint, and denied as moot his motion for partial summary judgment. The court also denied Grant-Davis' motion to reconsider the magistrate judge's order denying Grant-Davis' motion to amend or correct the second amended complaint. We dismiss in part and affirm in part.

In *Powell v. Keel*, the Supreme Court of South Carolina held that "SORA's lifetime registration requirement is unconstitutional absent any opportunity for judicial review to assess the risk of re-offending." 860 S.E.2d 344, 352 (S.C. 2021). The court, however, "reserve[d] the effective date of this opinion for twelve (12) months from the date of filing to allow the General Assembly to correct the deficiency in the statute regarding judicial review." *Id.* Because Grant-Davis raised a similar challenge to SORA, we placed his appeal in abeyance for the effective date of *Powell* or until the South Carolina General Assembly amended SORA consistent with *Powell*.

2

The South Carolina General Assembly acted after *Powell*, and SORA now provides that a sex offender may apply to be removed from the registry and outlines a process of judicial review if that application is denied. *See* S.C. Code Ann. § 23-3-462 to -463. Because the South Carolina General Assembly has remedied the constitutional defect in SORA identified in *Powell*, we conclude that this issue is moot. *See Cela v. Garland*, 75 F.4th 355, 360 (4th Cir. 2023) ("A case becomes moot when it is impossible for a court to grant any effectual relief to the prevailing party." (internal quotation marks omitted)); *Eden, LLC v. Justice*, 36 F.4th 166, 170 (4th Cir. 2022) ("[A] case may become moot after entry of a district court's judgment and while an appeal is pending."). We therefore dismiss for lack of jurisdiction Grant-Davis' appeal of the district court's dismissal of this portion of Count 4. *See Cela*, 75 F.4th at 360.

Finding no reversible error, we affirm the remainder of the district court's judgment. *Grant-Davis v. Wilson*, No. 2:19-cv-00392-DCN (D.S.C. Sept. 20 & 27, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*